

Albert R. Limberg, Esq. (SBN 211110)
Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:    619/758-1891
Fax:    619/296-2013
alimberg@sesssons-law.biz
dkirkpatrick@sessions-law.biz

Attorney for NCO Financial Systems, Inc.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON CLARK,

               Plaintiff,

   vs.

NCO FINANCIAL SYSTEMS, INC.,

               Defendant.

Case No.: CV 13 1561 DMR

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(b)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT defendant NCO Financial Systems, Inc.
("NCO") hereby removes to this Court the state court action described below.

1.    This action is a civil action of which this Court has original jurisdiction
under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant
pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under the Fair Debt
Collection Practices Act, 15 U.S.C. §1692, *et seq.*   This Court has supplemental
jurisdiction over the other claims pursuant to 28 U.S.C. §§1367 and 1441.

2.　　On or about February 15, 2013 the action was commenced in the Superior Court of the State of California, County of Sonoma, entitled, *Sharon Clark v. NCO Financial Systems, Inc.*, Case No. MCV226985. A copy of the Plaintiff's Summons and Complaint ("Complaint") is attached hereto as Exhibit A.

3.　　The date upon which NCO first received a copy of the said complaint was March 7, 2013, when NCO's agent for service of process was served with a copy of the Complaint.

4.　　Removal to this district is proper pursuant to 28 U.S.C. §1441 because this is the district which embraces the county in which the State Court Action was filed.

5.　　A copy of all process, pleadings, and orders served upon NCO are attached as Exhibit A.

6.　　Promptly after filing this Notice of Removal, NCO will give written notice to Plaintiff, and will file a copy of the Notice of Removal with the Clerk of the Sonoma County Superior Court.

Dated: 4/4/13

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

_____
Albert R. Limberg
Attorney for Defendant
NCO Financial Systems, Inc.

Exhibit A

*AP 3/7/13*
*1:45pm*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NCO FINANCIAL SYSTEMS, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHARON CLARK

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

FEB 15 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Sonoma

600 Administration Drive
Santa Rosa, CA 95403

CASE NUMBER:
*(Número del Caso):*
MCV 226985

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: **FEB 15 2013** JOSE O. GUILLEN Clerk, by **IVONNE COTTO** , Deputy
*(Fecha)*                  *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☑ by personal delivery on (date): 3/7/13

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Page 1 of 1

American LegalNet, Inc.
*www.FormsWorkflow.com*

1  Todd M. Friedman (216752)
2  Nicholas J. Bontrager (252114)
   Suren N. Weerasuriya (278512)
3  Law Offices of Todd M. Friedman, P.C.
   369 S. Doheny Dr. #415
4  Beverly Hills, CA 90211
   Phone: 877-206-4741
5  Fax: 866-633-0228
6  tfriedman@attorneysforconsumers.com
   nbontrager@attorneysforconsumers.com
7  sweerasuriya@attorneysforconsumers.com
8  Attorney for Plaintiff

ENDORSED
FILED

FEB 1 5 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

9
10            SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                   FOR THE COUNTY OF SONOMA
                         LIMITED JURISDICTION

12                                     Case No.  M C V  226985

13                                  )  COMPLAINT FOR VIOLATION
14  SHARON CLARK,                    )  OF ROSENTHAL FAIR DEBT
                                     )  COLLECTION PRACTICES ACT AND
15  Plaintiff,                       )  FEDERAL FAIR DEBT COLLECTION
                                     )  PRACTICES ACT
16       vs.                         )
                                     )  (Amount not to exceed $10,000)
17  NCO FINANCIAL SYSTEMS, INC.,     )
18  Defendant.                       )     1.  Violation of Rosenthal Fair Debt
                                     )         Collection Practices Act
19                                   )     2.  Violation of Fair Debt Collection
20  _____     )         Practices Act

21
22                          I. INTRODUCTION
23       1.  This is an action for damages brought by an individual consumer for Defendant's
24  violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq.
25  (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.
26  (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,
27  deceptive, and unfair practices.
28

Complaint - 1

## II. PARTIES

2.      Plaintiff, Sharon Clark ("Plaintiff"), is a natural person residing in Sonoma county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.      At all relevant times herein, Defendant, NCO Financial Systems, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff's family in an attempt to collect an alleged outstanding debt that did not belong to Plaintiff.

5.      In September 2012, Defendant contacted Plaintiff's family in connection with an attempt to collect an alleged outstanding debt which did not belong to Plaintiff.

6.      Defendant contacted Plaintiff's brother-in-law, at 970-739-6536, for purposes beyond obtaining Plaintiff's location information, and with such a frequency as to constitute harassment under the circumstances.

7.      Defendant contacted Plaintiff's father-in-law, at 970-739-6539, for purposes beyond obtaining Plaintiff's location information, and with such a frequency as to constitute harassment under the circumstances.

8.      Defendant contacted third parties and disclosed the existence of an alleged debt owed by Plaintiff and the true identity of Defendant, without being expressly requested.

9.      Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));

b) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));

c) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b));

d) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b));

e) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

f) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

g) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1));

h) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

i) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

j) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10).

10.     As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

11.     Plaintiff reincorporates by reference all of the preceding paragraphs.

12.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

13.     Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages;
    C.    Costs and reasonable attorney's fees; and,
    D.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this February 11, 2013.

By:  _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 5

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
TELEPHONE NO: 877-206-4741    FAX NO: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, Sharon Clark

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME:

**ENDORSED FILED**
FEB 15 2013
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

CASE NAME:
Sharon Clark v. NCO Financial Systems, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: MCV 226985 |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: GARY NADLER DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 11, 2013
Todd M. Friedman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book account) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
CIVIL DIVISION
600 ADMINISTRATION DRIVE, ROOM 107-J
SANTA ROSA, CALIFORNIA 95403-2878
(707) 521-6500
www.sonoma.courts.ca.gov

(FOR COURT USE ONLY)

**ENDORSED
FILED**

FEB 1 5 2013

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,
NOTICE OF CASE MANAGEMENT CONFERENCE,
and ORDER TO SHOW CAUSE

Case number:

MCV    226985

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
AND WITH ANY CROSS-COMPLAINT**

1. **THIS ACTION IS ASSIGNED TO HON.** GARY NADLER **FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear
   below the number of the case and the nature of the paper on the first page of each paper
   presented for filing.

2. **EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS
   REQUIRED BY THE SUMMONS.**
   A Case Management Conference has been set at the time and place indicated below:

   | Date: JUN 1 3 2013 | Time: | Courtroom: |
   |---|---|---|
   | Location: 3035 CLEVELAND AVE STE 200 SANTA ROSA CA 95403 | 1 : 30 | 17 |

3. No later than 15 calendar days before the date set for the case management conference or
   review, each party must file a case management statement [Judicial Council form #CM-110] and
   serve it on all other parties in the case.  In lieu of each party's filing a separate case management
   statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally
   or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and
   must be prepared to discuss and commit to the party's position on the issues listed in California
   Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management
   conference.  These may be obtained by calling (707) 521-6883 or by going to
   http://sonoma.courts.ca.gov/online-services/tentative-rulings.

**ORDER TO SHOW CAUSE**

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:

If, on the date shown above, you are not in compliance with the requirements stated in the California
Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there
show cause why this court should not impose monetary and/or terminating sanctions in this matter.

CV-1 [Rev. February 19, 2013] NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC   CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

CASE NAME: Sharon Clark v. NCO Financial Systems Inc.
CASE NO:   TBD

## PROOF OF SERVICE

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of 18 years and not a party to the within action; my business address is 1545 Hotel Circle South, Suite 150, San Diego, California 92108. On this date I served the following:

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b)

( X )  BY U.S. MAIL

   I served a true and correct copy of the above-named documents by mail by placing the same in a sealed envelope with postage fully prepaid, and depositing said envelope in the U.S. mail at San Diego, California.  Said envelope(s) was/were addressed as listed hereafter:

(  )   BY FACSIMILIE MACHINE

   I caused to be transmitted by facsimile machine a true copy of the above-named documents to the below listed.

(  )   BY COURT'S CM/ECF ELECTRONIC FILING SERVER

   I served on the interested parties in this action through their attorney's, as stated below, who have agreed to accept electronic service in this matter, by electronically filing and serving said documents via the Court's CM/ECF electronic filing server.


Todd Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 South Doheny Dr. #415
Beverly Hills, CA 90211



I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  April 4, 2013

Ann M. Coito